**UNITED STATES BANKRUPCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**RAMON E. NAVEDO RIVERA**<br>**TANIA ORONA JIMENEZ**<br><br>**DEBTORS** | **CASE # 11-00716 BKT**<br><br>**CHAPTER 12** |

**REPLY TO BANCO POPULAR PUERTO RICO'S OBJECTION TO CHAPTER 12 PLAN CONFIRMATION**

**TO THE HONORABLE COURT:**

**HERE COMES** Debtor through the undersigned attorney and respectfully requests and prays for the following:

**I. Facts**

1. Debtors filed a Chapter 12 petition on January 31, 2011.

2. As part of the petition debtors listed their real properties in Schedule A of the petition. Said properties are encumbered by a mortgage right in favor of Banco Popular Puerto Rico.

3. On March 30, 2011 Debtors filed their First Amended Chapter 12 plan of reorganization dated March 30, 2011.  See Docket Entry No. 37.

4. As part of debtors' plan of reorganization debtors included the appraisal of their real properties as Exhibit F to the plan. See Docket Entry No. 37.

5. Secured creditor Banco Popular Puerto Rico (hereinafter "BPPR") filed an objection to the confirmation of debtor's plan of reorganization alleging that: (i) the treatment to BPPR's secured claim does not provide the indubitable equivalent of BPPR's secured claim; (ii) the interest rate for the repayment of the loan is lower than the contractual rate and; (iii) the plan is not feasible.

6. Debtors through this motion discuss their position in terms of BPPR's objection to

the confirmation of the plan.

## II. Legal Discussion

**A. Modification of Claims in a Chapter 12 Case**

The modification of secured claims is the essence of Chapter 12. Norton, W. Jr., (2010), Norton Bankruptcy Law and Practice 3d, § 133:10. Modification of rights of creditors (Code § 1222(b)(2)). Section 1222(b) of the Bankruptcy Code, 11 U.S.C. §1222(b)(2) states that the provisions of a Chapter 12 plan can modify the rights of creditors holders of secured or unsecured claims or leave the claim rights unaffected. In addition, this modification is not limited to the life of the plan since the same can be made for a term that exceeds the life of the plan. Specifically, section 1222(b)(9) of the Bankruptcy Code, 11 U.S.C. §1222(b)(9), states that the plan may provide for a repayment period of secured claims that exceeds the plan length if said repayment is consistent with the provisions of section 1225(a)(5).

In that respect section 1225(a)(5) provides that:

> … (5) with respect to each allowed secured claim provided for by the plan-- (A) the holder of such claim has accepted the plan; (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and (ii) the value, as of the effective date of the plan, of property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim or, **(C) the debtor surrenders the property securing such claim to such holder** … 11 U.S.C. §1225(a)(5). *Emphasis ours*.

Section 1225 does not make any other requirement in terms of the options for the treatment of a secured claim under the plan. Contrary to what BPPR alleges in the objection the Code does not specifies that the surrender of a property to a creditor pursuant to section 1225 has to provide an *indubitable equivalent* to the allowed amount of its claim. Said *indubitable equivalent* requisite made pursuant section 1129 of the

Banruptcy Code, 11 U.S.C. §1129, is inapplicable to the case at bar. Therefore, the line of cases cited by debtor, *In re Martindale*, 125 B.R. 32 (D. Idaho, 1991); *In re Simons*, 113 B.R. 942 (W.D. Texas, 1990), are equally inapplicable to the instant case.[1]

In the instant case debtors proposed as part of their plan of reorganization to the surrender of one of their real properties in order to apply the value of said property to the balance of the loan. The "vacant lot" to be surrendered to creditor is not "useless" lot of proerty as creditor asserts on its motion. It was not useless property at the moment debtors purchased the same and were provided financing by BPPR.

In the same way creditor alleges that the amount to be applied to the loan has to reduced to the alleged realizable value pursuant to the mortgage minimum base price in the event of a foreclosure. Debtors do not agree.

Debtors listed their real properties on Schedule A of the petition. A value was assigned the each of the properties in accordance to the appraisal included as Exhibit F of their plan on Docket No. 37. To date BPPR has not objected debtors' schedules and the value assigned to each property. BPPR also conducted an appraisal of the property and even after several requests copy of the same has not been provided to the debtors in order to analyze and compare the same to theirs.

In terms of the value of the property creditor alleges that their realizable value is that of the minimum realizable value in the event of a judicial sale of the property. Debtors disagree. The provisions of the Bankruptcy Code are clear in terms of how a collateral is to be valued and to what extent the secured status of a creditor can be

---

[1] In that respect section 1129(b)(2)(A) states as follows: "… [w]ith respect to a class of secured claims, the plan provides--**(i)(I)** that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and **(II)** that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property; **(ii)** for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or **(iii)** for the realization by such holders of the indubitable equivalent of such claims…"

established. See 11 U.S.C. §506. Creditor has not objected the value assigned to the property and the same has to be the starting point for the amounts to be applied to the secured claim. Debtors have established the market value of the property to be surrendered to BPPR as $750,000.00. This needs to be the starting point of the value of the property.

The only reality here is that when debtors originally purchased the properties the value of the same was established by creditor in terms of market value. The minimum bid price established as part of the mortgage deed as requested by Art. 170 of the Mortage Act of Puerto Rico was established based on that same market value. Moreover, the only reality here is that the bank voluntarily consented to have as collateral a property that they now deems as "undesirable" or "dirt" and which debtors are surrendering in accordance to the provisions of the Bankruptcy Code. See ¶ 12, and 13 on page 6 of BPPR Objection to Confirmation on Docket No. 144.

### B. Requirements of a Modification pursuant sections 1222 and 1225

A debtor's plan must provide for the repayment in compliance with the test established in *In re Till*, by amortizing the loan at the prime rate of interest and if pursuant to the facts of the case a risk factor (premium) is warranted the same may be provided. *In re Till*, 541 U.S. 465 (2004).

Debtors' plan modifies BPPR's secured claims in accordance to the provisions of section 1222 of the Bankruptcy Code and the requirements established by case law, specifically *In re Till*, and provide for the amortization of the allowed claim in accordance to the standards established and, leaves creditor's secured interest unaffected in terms of the lot of land not surrendered to creditor.

### C. Feasibility of the Plan

In addition, BPPR questions the feasibility of the plan. In order to establish the feasibility of a Chapter 12 Plan a debtor may demonstrate that the success of the plan is

not only a possibility, "[w]hether a debtor's plan is feasible under § 1225(a)(6) is a factual determination", that can be determined by the analysis of the historical performance of debtor's business and the information provided by Debtor for the confirmation of the plan. *In re Nauman*, 213 B.R. 355, 359 (1997), citations omitted. In order to be confirmed Debtor's plan may only provide a rational basis for the likelihood of the business. *In re Michels*, 301 B.R. 9, 17 (2003).

Debtors' plan and financial projections provide a rational basis of the likelihood of their reorganization and has been provided in good faith. The same can be confirmed by their performance in their monthly operating reports. Therefore, debtors understand that BPPR is erred in relation to the feasibility of the plan.

### III. Conclusions

Debtors plan modifies BPPR's secured claim in accordance to the provisions of sections 1222 and 1225. Debtors propose the surrender of one of their real properties in accordance to the provisions of section 1225 of the Code pursuant which the alleged requirement of the "indubitable equivalent" in value is not applicable. The mere fact that creditor BPPR alleges that the amounts applied by the debtors under the plan as value of the collateral does not provide the alleged "indubitable equivalent" of the claim amount to BPPR as part the distributions under the plan is not ground to assert that the plan has been provided in bad faith. To the contrary debtors plan and conduct of their operations as evidenced in the operating reports shows otherwise.

The plan and the supporting financial information of the debtors establish the feasibility of the plan that has been provided by debtors in good faith. Therefore, debtors request this Honorable to deny BPPR's objection to the confirmation and enter an order confirming debtors' plan.

**WHEREFORE,** Debtor pray this Honorable Court to deny BPPR's objection to the confirmation of the plan with any other procedure that in accordance to law this

Honorable Court deems just and proper.

**I CERTIFY** that this motion has been electronically filed using CM/ECF and that a copy of the same was forwarded to the office of the Chapter 12 Trustee, Jose R. Carrion, Charles Gilmore, Esq., attorney for Banco Popular Puerto Rico, and all other parties in interest.

In Caguas, Puerto Rico, this 20th day of September of 2011.

**VICTOR GRATACOS DIAZ LAW OFFICE**
PO BOX 7571
CAGUAS, PUERTO RICO 00726
PHONE: (787) 746-4772 & FAX: (787) 746-3633

By: /s/ Victor Gratacós Diaz (127906)