540-018

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

In Re:

**RAMON EUSEBIO NAVEDO RIVERA
TANIA ORONA JIMENEZ**

Debtors.

Case No.: 11-00716 (BKT)

Chapter 12

## MOTION TO DISMISS

TO THE HONORABLE COURT:

By counsel, PR Asset Portfolio 2013-1 International, LLC (hereinafter "PR Asset"), respectfully represents and prays as follows:

1. On January 1, 2011, Debtor filed its voluntary petition pursuant to Chapter 12 of the Bankruptcy Code, 11 U.S.C. §1201 et. seq. See Docket No. 1.

2. On March 30, 2011, debtors submitted the First Amended Chapter 12 Plan which was later confirmed by the Court on September 22, 2011. (See Docket No. 37 and No. 148). In said Confirmed Plan, the Debtors proposed the following monthly payment:

   a. Seven (7) monthly payments of $4,400.00, commencing on October, 2011 thru April, 2012;

   b. Fifty-three (53) monthly payments of $9,384.22, commencing on May, 2012 thru October, 2016.

3. In accordance with the plan, the appearing creditor shall receive payment directly from the Chapter 12 Trustee, which in turn is paid directly from Suiza Dairy Corp. ("Suiza"). Id.

4. On December 2012, Banco Popular filed a Motion to Dismiss due to Debtors' default with the terms of the approved Plan by failing to make timely and complete payments

Motion to Dismiss
*Page 2 of 5*

(Docket No. 183). Banco Popular had only received nine (9) payments of the fourteen (14) payments scheduled up to December 2012, for a total of $28,000.00 in arrears. Id.

5.      A hearing on the Motion to Dismiss was held on March 21, 2013. Docket No. 201.

6.      On the day of the hearing, both the trustee and debtors counsel represented to the appearing creditor and to this Court that there were no substantial arrears. The trustee stated that Debtor was substantially in compliance with the plan. The Trustee acknowledged the existence of arrears and explained that they were due to certain administrative expenses which had been paid first. The Trustee explained that his office was going to increase the monthly amount paid to Banco Popular to cure those arrears as Debtor under the Plan had increased its payment to the Trustee. Audio at Docket No. 199.

7.      At the same hearing, Debtor's counsel stated that the funds to cure the arrears were "in transit". Debtor's counsel explained that the alleged delay in the payment to the creditor was caused by the way Suiza pays the farmers for the milk sold. Id.

8.      On April 2013, the Trustee reported the status of debtor's payment under the confirmed plan up to that date and explained that the existing arrears consisted of $21,240.00 that were to be cured on or before May 2013 (Docket No. 204).

9.      However as of today's date, Debtor is still in arrears, partly due to the fact that when PR Asset received the $21,240.00, they were not accompanied by the payment due for that month. The monthly payment of March 2013 was partially made and the payment of April 2013 was not made.

Motion to Dismiss
*Page 3 of 5*

10. Please refer to the table below, illustrating payments received in comparison with payments scheduled under the confirmed Plan:

| Debtors | Scheduled Payments as per Confirmed Plan | | PR ASSET Payments Received | |
|---|---|---|---|---|
| **Ramon E. Navedo** | | | Jun/29/2011 | $4,400.00 |
| | Oct-11 | $4,400.00 | Oct/31/2011 | $8,800.00 |
| **Tania O. Jimenez** | Nov-11 | $4,400.00 | Nov/30/2011 | $6,638.39 |
| Balance: -$15,222.52 | | | Nov/30/2011 | $961.60 |
| | Dec-11 | $4,400.00 | | |
| | Jan-12 | $4,400.00 | | |
| | Feb-12 | $4,400.00 | Feb/29/2012 | $7,595.51 |
| | Mar-12 | $4,400.00 | | |
| | Apr-12 | $4,400.00 | Apr/30/2012 | $6,261.83 |
| | May-12 | $9,384.22 | May/30/2012 | $2,907.81 |
| | Jun-12 | $9,384.22 | Jun/18/2012 | $8,055.04 |
| | Jul-12 | $9,384.22 | Jul/30/2012 | $5,694.21 |
| | Aug-12 | $9,384.22 | Aug/31/2012 | $6,083.37 |
| | Sep-12 | $9,384.22 | | |
| | Oct-12 | $9,384.22 | Oct/29/2012 | $14,502.24 |
| | Nov-12 | $9,384.22 | | |
| | Dec-12 | $9,384.22 | Dec/21/2012 | $7,200.00 |
| | Jan-13 | $9,384.22 | Jan/29/2013 | $12,600.00 |
| | Feb-13 | $9,384.22 | Feb/28/2013 | $9,000.00 |
| | Mar-13 | $9,384.22 | Mar/25/2013 | $2,565.00 |
| | Apr-13 | $9,384.22 | Apr/26/2013 | $21,420.00 |
| | May-13 | $9,384.22 | May/28/2013 | $10,260.00 |
| | Jun-13 | $9,384.22 | Jun/25/2013 | $10,260.00 |
| | Jul-13 | $9,384.22 | Jul/25/2013 | $10,260.00 |
| | Aug-13 | $9,384.22 | Aug/29/2013 | $10,260.00 |
| | **Total:** | **$180,947.52** | **Total:** | **$165,725.00** |

| | **Arrears:** | **$15,222.52** |
|---|---|---|

Motion to Dismiss
*Page 4 of 5*

11. Under the terms of the plan, arrears exist in the amount of **$15,222.22**.

12. Currently, the Trustee pays PR Asset $10,260.00 per month, which includes an additional amount of $875.78 a month over the plan scheduled payments of $9,384.22. At this rate, the arrears from 2012 and 2013 are going to be cured approximately in February 2015. This is unacceptable to the appearing creditor.

13. At the dismissal hearing in March, **this Court expressed concern regarding debtors' struggles to keep up with the plan, and made clear that any other event of default would be cause for dismissal.** Audio at Docket No. 199.

14. Accordingly PR Asset request that a prompt payment for the arrears be made or that the case be dismissed under the provisions of 11 U.S.C. §1208(c)(6), which in part states:

> (c) On request of a party in interest and after notice and a hearing, the court may dismiss a case under this chapter for cause, including:
> ......
> (6) material default by the debtor with respect to a term of a confirmed plan;

15. The existing arrears should be cured in less than 60 days, or in the alternative, this case should be dismissed, as the lack of payment to PR Asset is a material default by the debtors with respect to the terms of the confirmed plan.

16. In compliance with LBR 9013-1(c)(3), please find attached as **Exhibit A** the corresponding Affidavit of Military Service evidencing that debtors are not servicemembers as provided in SCRA § 201(b)(1).

**NOW WHEREFORE**, In view of the foregoing, PR Asset respectfully requests that the existing arrears be cured in less than 60 days, or in the alternative, that this case be dismissed.

Motion to Dismiss
*Page 5 of 5*

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the parties appearing in said system and that the undersigned has sent a true copy by regular first class U.S.Mail to all creditors as they appear on the attached master list.

### NOTICE OF RESPONSE TIME

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico, this September 11, 2013.

**O'NEILL & GILMORE, P.S.C.**
*Attorneys for PR Asset*
Citibank Towers, Suite 1701
252 Ponce de León Ave.
San Juan, Puerto Rico 00918-2019
Tel. (787) 620-0670
Fax. (787) 620-0671

By: */s/ Charles P. Gilmore*
Charles P. Gilmore
USDC No. 209614
E-mail: cpg@go-law.com

By: */s/Joel González Toledo*
Joel González Toledo
USDC No. 231510
E-mail: jgtoledo@go-law.com

**Exhibit A**

Department of Defense Manpower Data Center

SCRA 3.0



Status Report
Pursuant to Servicemembers Civil Relief Act

Last Name: <u>NAVEDO-RIVERA</u>
First Name: <u>RAMON</u>
Middle Name: <u>EUSEBIO</u>
Active Duty Status As Of: <u>Sep-11-2013</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: Y4DDK2A8E0336A0

Department of Defense Manpower Data Center

Results as of : Sep-11-2013 02:25:08

SCRA 3.0



Status Report
Pursuant to Servicemembers Civil Relief Act

Last Name: ORONA-JIMENEZ
First Name: TANIA
Middle Name:
Active Duty Status As Of: Sep-11-2013

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: X4J0H258K034O20