**UNITED STATES BANKRUPCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** <br><br> **RAMON EUSEBIO NAVEDO RIVERA** <br> **TANIA ORONA JIMENEZ** <br><br> **DEBTORS** | **CASE NO. 11-00716 BKT** <br><br> **CHAPTER 12** |

### OPPOSITION TO PR ASSET'S MOTION TO DISMISS

**TO THE HONORABLE COURT:**

**COMES NOW** Debtors through the undersigned attorney and respectfully request and pray for the following:

1. On January 31, 2011, Debtors Ramon E. Navedo Rivera and Tania Orona Jimenez filed their voluntary petition for relief pursuant Chapter 12 of the Bankruptcy Code, 11 U.S.C. §1201 et.seq

2. On September 22, 2011, the instant case was confirmed. See, Docket no. 146.

3. On December 14, 2012, Banco Popular de Puerto Rico ("BPPR") filed a Motion to Dismiss, alleging arrears. Docket no 183.

4. On December 19, 2012, BPPR filed a Motion in Support of the Motion to Dismiss. See, Docket no 184.

5. On January 9, 2013, Debtors filed an Opposition to BPPR's Motion to Dismiss, submitting evidence of payments reflecting that Debtors were up to date. See, Docket no. 186.

6. On January 14, 2013, BPPR filed a Motion to inform the current arrears. Docket no 189.

7. On February 1, 2013, BPPR filed a Supplement to Motion to Dismiss Case. Docket no 191.

8. On February 13, 2013, Debtors Replied to Motion to Supplement Motion to Dismiss, submitting the evidence of the Chapter 12 Trustee's payment, in the amount of $10,000.00.

9. Debtors also informed that had requested assignment agreement to pay the Chapter 12

Trustee directly from milk proceeds beginning on the month of February 2013 from Suiza Dairy, Inc ("Suiza"). See, Docket no 192.

10. On February 15, 2013, BPPR filed a Motion requesting entry of order Dismissing Case, alleging that Debtors' freewheeling spending constituted a material breach of the terms of the plan. Docket no 193.

11. On February 27, 2013, Debtors filed an Opposition to BPPR's Motion Requesting Entry of Order Dismissing case alleging the following:

    a. That It is important to understand that projections are guidelines, but there are circumstances that can affect the projections;

    b. That without cattle, milk cannot be produce;

    c. Debtors understand that it is their responsibility to pay their creditors; for such reason they need to increase their production and buy new cattle;

    d. Debtors buy pregnant heifers which in addition to produce milk will help Debtors to raise more cattle and use the same to replace livestock;

Other circumstances that also affect Debtors income;

    e. From December 2011, farmer's income decrease dramatically since the sudden downfall of Indulac;

    f. They were not receiving income and the overdue revenue was in the amount of three cents (.03¢) or lower;

    g. Vaquería Tres Monjitas, Inc. and Suiza Dairy, Inc. are paying sixty two percent (62%) of the milk quota in the amount of 84.5¢ and retain the amount of .05¢ for a service charge;

    h. The remaining milk liters are sale to Indulac, which recently begin to pay income in the amount of 74.5¢ and retain the amount of 9.5¢ for a service charge;

  i. The milk liters that are not borrowed by Vaquería Tres Monjitas, Inc., Suiza Dairy, Inc. or Indulac are offer to Borden which pay an approximately amount of .30¢ to .40¢;

  j. In addition, to all this circumstances that affect the dairy farm industry when Debtors Chapter 12 plan was confirmed on *September 22, 2011* (Docket no 146); the Milk Industry paid the eighty-five percent (85%) of the Milk Quota;

12. On March 31, 2013, at the hearing to resolve the contested matters, the following facts were taken in consideration:

  a. Debtors were behind $20,550.00 equivalent to 1.79 month in arrears;

  b. That the arrears were due to the time it is taking Suiza to send the direct payment to the Trustee;

  c. The Trustee does Not Recommend the Dismissal of the case;

  d. That Debtors increase their expenditures due to they need to spend more money than the projected to comply with their payments due to the constant changes in the Milk Industry;

  e. As stated before, Debtors need to purchase new calves in order to maintain their production. Moreover, Debtors have not had to incur in any loans to comply with the Chapter 12 plan.

13. On April 15, 2013, BPPR filed a Joint Motion to substitute's party to PR Asset Portfolio 2013-1 ("PR Asset"). See, Docket nos. 206 & 207.

14. On May 21, 2013, Debtors filed a Motion in compliance with Court Order, informing the agreements reached with Suiza and the Trustee. See, Docket no. 212

15. On June 27, 2013, Debtors received an Order Denying BPPR's Motion to Dismiss. See, Docket no. 213.

16. BPPR/PR Asset did not make any allegations since Debtors were up to date and the monthly payments; which are made directly to the Trustee by Suiza.

17. On September 11, 2013, PR Asset filed a Motion to Dismiss alleging arrears. See Docket no. 224.

18. PR Asset also alleged that the Trustee pays PR Asset the amount of $10,260.00 monthly, which includes and additional payment of $875.78 per month.

19. The payment plan scheduled for PR Asset monthly was $9,384.22.

20. Additionally, that Debtor will be up to date approximately on February 2015, which is a crass mathematical error.

21. Debtors request to Suiza Dairy, Inc. all the checks from April 5, 2013 up to August 23, 2013 as requested by PR Asset since creditor alleged that were not receiving their monthly payments.

22. Debtors, as stated before, have an assignment agreement with Suiza Dairy. Enclosed checks from Suiza as **Exhibit A**.

23. Debtors also request to Suiza that the assignment agreements be sent to the Trustee weekly, which Suiza had agreed.

24. Even more, Suiza sent the calendar of their monthly payments which reflects that Debtors will make 13 payments yearly instead of 12 payments during the year. Calendar enclosed as **Exhibit B.**

25. Besides, Debtors sent an additional payment of $5,000.00 to the Trustee. Enclosed evidence of payment as **Exhibit C**.

26. A dairy farm is a business in which the owner dedicates all of his time to work for the same all day. They have to be constantly watching their operations.

27. The cows are complicated animals, which not only produce milk; they give birth, eat, and get sick and the farmer has to take care of them.

28. The constant issues of payments affect drastically the Dairy Farm operations.  Even more if Debtors are making extraordinary efforts to increase their productions and made their payments.

29. Each time, Debtors receive an unexpected motion; they have to leave their business with their employees which cause unexpected expenses, not projected, causing a material breach in their projections.

30. These expenses have cause losses of cows in the amount of $1,200.00 per cow.

31. A case in particular, a cow happens to fall in a narrow ravine, if the employee cannot pull the cow, and the animal desperately died. The employee does not have the owners' ability to work with this kind of situation.

32. Therefore leaving the farm cause unnecessary losses in the production and made additional expenses such as extra gasoline, toll, lunch to meet the attorney and went to the court.

33. In summary, Debtors paid the following amounts:

| | | | |
|---|---|---|---|
| Confirmation date: | | 9/22/2011 | |
| Effective due date: | | 10/22/2011 | |
| Months Elapsed: | | 24 | |
| From October 22, 2013 to September 30, 2013 | | | |
| | | | |
| **Status of Plan Payments** | | | |
| **As of Sept.30, 2013 and including October 2013** | | | |
| $ 6,000.00 | 7 | | $42,000.00 |
| $ 11,440.00 | 17 | | $ 194,480.00 |
| Total amount due | | | $236,480.00 |
| Total paid by debtors | | | $ 216,650.00 |
| Arrears | | | $ 19,830.00 |
| Less: Payment in transit 9/25/13 | | | $ 11,400.00 |
| Less: Payment by debtor | | | $ 5,000.00 |
| Difference as of 9/30/2013 | | | **$3,430.00** |
| Plus: Payment dueOctober 2013 | | | $11,400.00 |
| | | TOTAL | **$14,830.00** |
| Less: Payment of 10/02/2013 | | | $2,850.00 |
| Less: Payment of 10/09/2013 | | | $2,850.00 |
| Less: Payment of 10/16/2013 | | | $2,850.00 |
| Less: Payment of 10/23/2013 | | | $2,850.00 |
| Less: Payment of 10/30/2013 | | | $2,850.00 |
| | | TOTAL | **$14,250.00** |
| **Difference by October 30, 2013** | | | **$580.00** |
| | | | |
| **Status of Disbursements PR Asset** | | | |
| $ 4,000.00 | 7 | | $ 28,000.00 |
| $ 9,384.22 | 17 | | $ 159,531.74 |
| Amount due by 9/30/2013 | | | $ 187,531.74 |
| amount paid as of 9/30/2013 | | | $ 175,985.00 |
| Difference as of 9/30/2013 | | | $ 11,546.74 |
| Plus: Amount due by Oct. 30, 2013 | | | $ 9,384.22 |
| Total due by Oct.30, 2013 | | | $ 20,930.96 |
| Amount scheduled to be paid on Oct. | | | $ 20,930.96 |
| **Difference** | | | **$ 0.00** |

34. For all the reasons stated above, Debtors request to this Honorable Court to deny PR Asset's Motion to Dismiss since Debtors are making weekly payments to the Chapter 12 Trustee and are up to date with the payments with PR Asset. In addition, Debtors request that payment number thirteen (13) made in addition each year to PR Asset be refund to Debtors to cover the unnecessary losses cause in their Dairy Farm each time expend unreasonable with every motion filed by PR Asset.

**WHEREFORE,** Debtors pray this Honorable Court to deny PR Asset's Motion to Dismiss since Debtors are making weekly payments to the Chapter 12 Trustee and are up to date with the payments with PR Asset. In addition, Debtors request that payment number thirteen (13) made in addition each year to PR Asset be refund to Debtors to cover the unnecessary losses cause in their Dairy Farm each time expend unreasonable with every motion filed by PR Asset with any other procedure that in accordance to law this Honorable Court deems just and proper.

**I CERTIFY** that this motion has been electronically filed using CM/ECF system and that a copy of the same was forwarded to the office of Jose R Carrion Morales, Chapter 12 Trustee, Charles P Gilmore, attorney for Movant and all other parties in interest.

In Caguas, Puerto Rico, this 8th day of October, 2013

**GRATACOS LAW FIRM, P.S.C.**
PO BOX 7571
CAGUAS, PUERTO RICO 00726
PHONE: (787) 746-4772 & FAX: (787) 746-3633
EMAIL: bankruptcy@gratacoslaw.com


By: /s/ Victor Gratacós Diaz (127906)